```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------
                                            :
SHAWNA M. DILAURO,                          :
                                            :    Case No. 5:19-cv-2691
            Plaintiff,                      :
                                            :    OPINION AND ORDER
                                            :    [Resolving Docs. 18, 19]
        v.                                  :
                                            :
COMMISSIONER OF                             :
SOCIAL SECURITY,                            :
                                            :
            Defendant,                      :
-------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 15, 2019, Plaintiff Shawna M. Dilauro filed for judicial review of Defendant Commissioner of Social Security's decision to deny Plaintiff supplemental security income.[1]  The Court referred the matter to then-Magistrate Judge James R. Knepp II.

On November 19, 2020, Judge Knepp issued a Report and Recommendation ("R&R") finding that the Commissioner's decision should be vacated and remanded.[2]  The Commissioner objects.[3]  For the reasons stated below, the Court **OVERRULES** the Commissioner's objections, **ADOPTS** the R&R, and **VACATES** and **REMANDS** the Commissioner's decision.

    I.  BACKGROUND

---

[1] Doc. 1.
[2] Doc. 17.
[3] Doc. 18.

Case No. 5:19-cv-2691
Gwin, J.

This case arises from Plaintiff's third unsuccessful application for supplemental security income.[4] Plaintiff has long struggled with depression, anxiety, and suicidal ideation.[5] Plaintiff also suffers from chronic pain from spinal problems, among other things.[6]

Before this claim, Plaintiff filed an earlier claim covering September 3, 2013, through December 31, 2015.[7] The ALJ responsible for that claim found that while Plaintiff's impairments rendered her unable to perform her previous work as a collection agent, Plaintiff remained able "to perform light work in a job that provides only occasional contact with the public" as well as "unskilled work with no prolonged walking, repetitive bending, stopping, twisting, or turning."[8] The previous ALJ accordingly denied Plaintiff's claim.[9]

On January 26, 2017, Plaintiff filed this new claim covering January 5, 2016, onward.[10] Plaintiff's new claim was ultimately denied after a hearing on November 29, 2018. However, between the December 31, 2015 denial of Plaintiff's previous claim and the denial of the claim now under review, Plaintiff's medical history developed considerably. The Court summarizes some of the relevant developments below:

A. *Physical Health Records*

On January 7, 2016, Dr. Dmitri Souzdalnitski, M.D., a pain management specialist, noted a decreased range of motion and paravertebral tenderness in Plaintiff's lumbosacral and cervical/thoracic spine.[11] Dr. Souzdalnitski diagnosed Plaintiff with myofascial pain,

---

[4] Doc. 12 at 28, 68, 81.
[5] *Id.* at 22–23; Doc. 17 at 3–11.
[6] Doc. 12 at 22–23; Doc. 17 at 3–11.
[7] Doc. 12 at 81.
[8] *Id.* at 18.
[9] *Id.* at 81.
[10] *Id.* at 18.
[11] *Id.* at 359–61.

-2-

Case No. 5:19-cv-2691
Gwin, J.

cervical facet arthropathy, degenerative disc disease, dizziness, lumbar degenerative disc disease, and sacral pain.[12] He instructed Plaintiff not to drive and ordered bilateral cervical medial branch blocks and a physical/occupational therapy evaluation.[13]

In April 2017, Plaintiff underwent an MRI, revealing degenerative disc disease with posterior longitudinal ligament hypertrophy and congenital canal narrowing, causing significant flattening of the cervical cord and central canal stenosis.[14]

In May 2017, Rajiv Taliwal, M.D., an orthopedic surgeon, observed partial range of cervical spine motion with extension pain.[15] An MRI revealed cervical spondylosis.[16] Dr. Taliwal diagnosed Plaintiff with spinal stenosis and recommended surgery.[17]

On May 23, 2017, Plaintiff underwent surgery, including an anterior cervical decompression and fusion with LASR allograft and ZEVO plate.[18] X-rays taken May 24, July 24, and December 11, 2017, all showed continuing mild cervical spondylosis.[19]

In December 2017, Plaintiff met with Dr. Taliwal complaining of gradually worsening symptoms aggravated by physical therapy.[20] In May 2018, Plaintiff again saw Dr. Taliwal for a post-operative visit and complained of pain, numbness, and tingling in both arms, and back pain radiating to her left leg.[21] She was favoring her left leg, and still had a limited and

---

[12] *Id.* at 360.
[13] *Id.*
[14] *Id.* at 491–93.
[15] *Id.* at 668–74.
[16] *Id.* at 668.
[17] *Id.* at 672.
[18] *Id.* at 657, 667.
[19] *Id.* at 654, 804, 825.
[20] *Id.* at 805.
[21] *Id.* at 938–39.

Case No. 5:19-cv-2691
Gwin, J.

painful range of motion in her cervical and lumbar spine.[22] An X-ray revealed lumbar spondylosis and pseudoarthrosis.[23] Dr. Taliwal diagnosed lumbar back pain with radiculopathy affecting her left leg, and pseudoarthrosis of the cervical spine.[24]

### B. Mental Health Records

Bradly Winkhart, M.D, noted Plaintiff had an agitated demeanor in April, July, September, and December 2016.[25] Dr. Winkhart diagnosed Plaintiff with recurrent, moderate depressive disorder and posttraumatic stress disorder.[26]

In October 2017, Plaintiff was hospitalized with suicidal ideation.[27] She said she had daily thoughts of suicide and was somewhat likely to act on these thoughts, but she had never previously attempted suicide.[28] She was discharged after two days.[29]

On August 30, 2018, Plaintiff was again hospitalized with suicidal ideation.[30] Plaintiff showed "very slow" progress and was not released until September 10, 2018.[31]

### C. State Medical Consultant Findings

On March 9, 2017, Joseph Edwards, Ph.D., adopted the mental residual functional capacity from Plaintiff's previous ALJ decision, citing then-applicable law.[32] On May 15, 2017, Leslie Rudy, Ph.D., agreed on reconsideration.[33]

---

[22] *Id.* at 940.
[23] *Id.* at 936–37.
[24] *Id.* at 942.
[25] *Id.* at 406, 412, 417, & 423.
[26] *Id.* at 407, 413, 419, & 425.
[27] *Id.* at 754.
[28] *Id.* at 762.
[29] *Id.* at 770.
[30] *Id.* at 950–69.
[31] *Id.* at 951, 969.
[32] *Id.* at 94.
[33] *Id.* at 110–11.

Case No. 5:19-cv-2691
Gwin, J.

On April 2, 2017, Gail Mutchler, M.D., adopted the physical residual functional capacity from Plaintiff's previous ALJ decision, also citing then-applicable law.[34] On May 15, 2017, Leigh Thomas, M.D., agreed on reconsideration.[35]

### D. ALJ Decision

On November 29, 2018, the ALJ rendered a decision stating that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."[36] Because the ALJ found that "no new and material evidence exist[ed] to justify not adopting the residual functional capacity from the previously adjudicated period,"[37] the ALJ adopted the prior ALJ's assessment and denied Plaintiff's claim.[38]

On September 13, 2019, the Appeals Council affirmed.[39] On November 15, 2019, Plaintiff sought review in this Court. The November 19, 2020 R&R found that the Commissioner's decision should be vacated because the ALJ incorrectly thought herself bound to the prior ALJ's factual findings in view of recent Sixth Circuit authority.[40] The Commissioner objects.[41]

II. ANALYSIS

---

[34] *Id.* at 96.
[35] *Id.* at 109–10.
[36] Doc. 12 at 18 (citing *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997)).
[37] *Id.* at 19.
[38] *Id.* at 28.
[39] *Id.* at 6.
[40] Doc. 17.
[41] Doc. 18.

Case No. 5:19-cv-2691
Gwin, J.

A district court reviews the parties' R&R objections *de novo*.[42] Both the Magistrate and this Court's review of the ALJ's decision is limited to whether that decision was "supported by substantial evidence" and "made pursuant to proper legal standards."[43]

This case concerns proper legal standards, specifically whether the ALJ's adoption of the prior ALJ's residual functional capacity finding squares with the Sixth Circuit's recent decision in *Earley v. Commissioner of Social Security*.[44]

By all accounts, *Earley* significantly walked back administrative application of *Drummond v. Commissioner of Social Security*.[45] In *Drummond*, a claimant who was 49 years old at the time an ALJ denied her first social security claim refiled an identical claim after turning 50.[46] Her file showed no medical developments, but the second ALJ, on the same evidence, decided to adopt a different residual functional capacity from the first ALJ.[47]

Against that administratively imprudent backdrop, the Sixth Circuit in *Drummond* recognized that '"principles of res judicata" prevented the ALJ from revisiting the applicant's" residual functional capacity "in the absence of 'new and additional evidence' showing a change in her condition."[48]

While *Drummond*'s holding was sound in its native context, *Earley* recognized that ALJs had extended *Drummond* far beyond its intended application. Because "human health is rarely static," ALJ's rarely encounter identical, rather than merely similar, social security

---

[42] 28 U.S.C. § 636(b)(1).
[43] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g)).
[44] *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018).
[45] *Drummond*, 126 F.3d at 837.
[46] *Earley*, 893 F.3d at 932.
[47] *Id.*
[48] *Id.* at 932–33 (citing *Drummond*, 126 F.3d at 842).

Case No. 5:19-cv-2691
Gwin, J.

claims.[49] *Earley* accordingly recognized that res judicata "rarely would apply" in the social security setting and instructed ALJ's to give a "fresh look to a new application containing new evidence . . . cover[ing] a new period of alleged disability."[50]

*Earley* was decided roughly five months before the ALJ decision under review.[51] Yet, the decision does not discuss *Earley* at all. In fact, it cites *Drummond* for the very principle that *Earley* rejected—that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."[52]

Acknowledging that the ALJ's observation was not an accurate statement of the law when written, the Commissioner instead argues that ALJ did not follow the legal principle it cited as controlling law, but rather gave the evidence the "fresh look" required by *Earley*.[53]

The Court disagrees. The ALJ's opinion stated at the beginning that "no new and material evidence exist[ed] to justify *not adopting the residual functional capacity from the previously adjudicated period*."[54] It is hard to imagine a clearer example of "considering the previous [residual functional capacity finding] a mandatory starting point" for a new claim.[55]

Indeed, the *Drummond* error permeated the entire adjudication of Plaintiff's claim. Though the ALJ discussed subsequent developments in Plaintiff's medical history, the ALJ gave "great weight" to state medical consultant opinions that themselves relied on

---

[49] *Id.* at 933.
[50] *Id.* at 931.
[51] *Id.* at 929; Doc. 12 at 28.
[52] Doc. 12 at 18 (citing *Drummond*, 126 F.3d at 842).
[53] *Earley*, 893 F.3d at 931.
[54] Doc. 12 at 19 (emphasis added).
[55] *DeBose v. Comm'r of Soc. Sec.*, 1:19-cv-2529, 2020 WL 4366075, at *8 (N.D. Ohio July 30, 2020).

Case No. 5:19-cv-2691
Gwin, J.

*Drummond* to adopt the prior ALJ's residual functional capacity finding.[56] And notably, each of these examinations preceded both *Earley* and the most significant developments in Plaintiff's medical history since her previous claim—her May 2017 spine surgery and her October 2017 and August 2018 mental health hospitalizations.[57]

The record accordingly contradicts the Commissioner's argument that the ALJ gave Plaintiff's claim the "fresh look" *Earley* requires.[58] The ALJ must do so on remand.

### III.  CONCLUSION

For these reasons, the Court **OVERRULES** the Commissioner's objections, **ADOPTS** the R&R as if fully restated herein, and **VACATES** and **REMANDS** the Commissioner's decision.

IT IS SO ORDERED.

Dated: March 29, 2021

                                                  *s/    James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[56] Doc. 12 at 25–26.
[57] *Id.* at 667, 750–802; 950–1000.
[58] *Earley*, 893 F.3d at 931.